1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE PACE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>MERCHANTS & PROFESSIONAL CREDIT BUREAU, INC. AND JOHN DOES 1-25,<br><br>　　　　　　Defendant(s). | CASE NO. 2:17-cv-00411<br><br>COMPLAINT—CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, MICHELLE PACE (hereinafter, "Plaintiff"), a Washington resident, brings this Class Action Complaint by and through her undersigned counsel, against Defendant MERCHANTS & PROFESSIONAL CREDIT BUREAU, INC. (hereinafter "Defendant" or "MP CREDIT BUREAU") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

COMPLAINT—CLASS ACTION – 1

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

COMPLAINT—CLASS ACTION – 2

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Washington consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Washington, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 5508 Parkcrest Drive, Austin, Texas 78731.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

- CLASS A: The Class consists of (a) all individuals with addresses in the State of Washington (b) to whom MP CREDIT BUREAU (c) sent a collection letter

COMPLAINT—CLASS ACTION – 3

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

attempting to collect a consumer debt (d) in response to a dispute with a credit bureau (e) in which they state "CREDIT BUREAU" on top of the letter and/or "AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES" (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

- CLASS B: The Class consists of (a) all individuals with addresses in the State of Washington (b) to whom MP CREDIT BUREAU (c) sent a collection letter attempting to collect a consumer medical debt (d) in which it states in the letter "We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The

COMPLAINT—CLASS ACTION – 4

principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A* and *Exhibit B*, violate 15 U.S.C. § 1692e.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A* and *Exhibit B*, violate 15 U.S.C. § 1692e.

   (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

COMPLAINT—CLASS ACTION – 5

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

(d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

COMPLAINT—CLASS ACTION – 6

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

**ALLEGATIONS OF FACT**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to March 21, 2016, an obligation was allegedly incurred to Capital Pediatric Group ("CPG").

23. The CPG obligation arose out of a provision of medical services, which is a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The alleged CPG obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. CPG is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. CPG or a subsequent owner of the CPG debt contracted the Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. Some time prior to March 21, 2016, the Plaintiff disputed the MP CREDIT BUREAU trade line with the credit bureaus.

29. In response, on or about March 21, 2016, Defendant sent a collection letter (the "First Letter") to the Plaintiff regarding the alleged debt owed to CPG. *See* **Exhibit A**.

30. On or about May 4, 2016, Defendant sent another collection letter (the "Second Letter") to the Plaintiff regarding the alleged debt owed to CPG. *See* **Exhibit B**.

31. Plaintiff received the First Letter and read it.

COMPLAINT—CLASS ACTION – 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32. Plaintiff received the Second Letter and read it.

33. Both the First Letter and the Second Letter ("the Letters") stated in large capital letters below the name of the Defendant:

"CREDIT BUREAU"



34. The Letters further stated:

"AFFILIATED WITH OVER 4000 CREDIT BUREAU AND BONDED COLLECTION OFFICES"

35. As the Letters were received in response to a dispute with the credit bureaus, the Plaintiff, as would any least sophisticated consumer, believed that the Defendant was operating as or was employed by a consumer reporting agency.

36. The Letters further stated:

"We may report information about your account to other credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

37. Upon information and belief, the Defendant had no intention of reporting this debt to other credit bureaus.

38. Upon information and belief, Defendant had no intention, nor could they have, reported any late payments or missed payments with regards to this alleged medical debt.

COMPLAINT—CLASS ACTION – 8

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

39. The Defendant, in an attempt to scare the Plaintiff into making payment, misrepresented what they may do.

40. A statement is false or misleading if it has two or more meanings one of which is inaccurate.

41. The statement that the Defendant may report late or missed payments in a credit report, can mean that the Defendant will or will not report such things. As the Defendant had no intention or had the ability to report late or missed payments, that statement is false and misleading.

42. Furthermore, the phrase "may" do something implies that the Defendant has the ability to do it. As the Defendant has no ability to report late or missed payments on a medical debt, that statement was false and misleading.

43. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

44. Defendant's violations of the FDCPA further harmed the Plaintiff by subjecting the Plaintiff to improper and deceptive collection practices, in violation of the Plaintiff's statutorily created substantive rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

45. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

COMPLAINT—CLASS ACTION – 9

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated said section by:

- Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

- Making a false and misleading representation in violation of §1692e(10).

- Falsely representing or implying that the Defendant operates or is employed by a consumer reporting agency in violation of §1692e(16).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ryan M. Pesicka as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

COMPLAINT—CLASS ACTION – 10

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Date: <u>March 15, 2017</u>                              By: s/Ryan Pesicka

Ryan Pesicka, WSBA 48182
CONCORD LAW, PC.
144 Railroad Avenue, Suite 236
Edmonds, Washington 98020
(206) 512-8029 telephone
(206) 512-8914 facsimile
ryan@condordlawseattle.com
*Attorney for Plaintiff Michelle Pace*

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so trial.

Date: <u>March 15, 2017</u>                              By: s/Ryan Pesicka

Ryan Pesicka, WSBA 48182

COMPLAINT—CLASS ACTION – 11

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029